```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

CAROL ANN MURPHY,              )
                               )
         Plaintiff,            )
                               )
    v.                         )    C.A. No. 09-12228-JLT
                               )
STATE OF MAINE,                )
                               )
         Defendants.           )

### MEMORANDUM AND ORDER OF DISMISSAL

On December 24, 2009, plaintiff Carol Ann Murphy submitted for filing a civil action. By Procedural Order dated March 11, 2010, plaintiff was advised that, in order to proceed with the case, she must either pay the $350 filing fee or file an Application to Proceed In Forma Pauperis. Because she was incarcerated at the Somerset County Jail, she was advised that she must also submit a copy of her prison account statement.

A copy of the Procedural Order was mailed to plaintiff and to the Treasurer at the Somerset County Jail. On March 23, 2010, the Treasurer's Office sent a copy of Murphy's prison account statement with a note that she is no longer at the Somerset County Jail.

The Court's records indicate that on April 12, 2010, the Procedural Order mailed to Murphy was returned to the Court as undeliverable.

Plaintiff was apparently released from jail and has failed to inform the Court of her new address as required under this Court's local rules. See District of Massachusetts Local Rule

83.5.2(e).  Local Rule 83.5.2(e) requires a party appearing pro se to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The fact that plaintiff has not kept the Court advised of her current address suggests that she may have lost interest in pursuing the claims asserted in this case.

Accordingly, this action is subject to dismissal for want of prosecution pursuant to Rule 41(b).

### ORDER

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  This order constitutes a final order of dismissal.  A copy of this Order will be mailed to plaintiff at the address shown on the docket sheet and on her pleadings.

SO ORDERED.

 May 4, 2010                      /s/ Joseph L. Tauro
DATE                             JOSEPH L. TAURO
                                 UNITED STATES DISTRICT JUDGE